RECEIVED

SEP - 5 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

WAYNE E. WEBB, ET AL.

versus

CIVIL ACTION NO. 13-1121

JUDGE TOM STAGG

JEREMY L. JORDAN, ET AL.

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the defendants, Jeremy L. Jordan

("Officer Jordan") and the City of Shreveport ("the City"), pursuant to Federal Rule

of Civil Procedure 12(b)(6). See Record Document 4. For the reasons set forth below,

the defendants' motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

At around 2:00 a.m. on May 6, 2012, Judith Webb ("Judith") was pulled over

by defendant Officer Jordan, a Shreveport City Police Officer, allegedly for

committing a traffic violation. After speaking with Judith, Officer Jordan detained her

in his squad car on the suspicion that Judith was driving under the influence of alcohol

and/or drugs.

Approximately fifteen minutes later, Judith's husband Wayne Webb ("Wayne")

arrived on the scene and informed Officer Jordan that Judith was not under the influence

of alcohol or drugs.  Officer Jordan did not conduct a field sobriety on Judith.  Instead, he released Judith with only a citation for driving left of center, but instructed her to ride home with Wayne and not to drive her car.  Consequently, Judith was forced to leave her car on the side of the road.  The City subsequently dismissed the traffic citation.

On May 6, 2013, the Webbs filed suit against the City and Officer Jordan in state court alleging deprivation of constitutional rights in violation of 42 U.S.C. § 1983.  See Record Document 1. The defendants removed the case to this court and thereafter filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the plaintiffs' claims on the ground that their complaint fails to state a claim upon which relief can be granted. See Record Documents 1 and 4. The Webbs opposed the motion and the defendants replied. See Record Documents 6 and 9.

## II.  LAW AND ANALYSIS

### A.      Rule 12(b)(6) Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleading and its attachments. See Fed. R. Civ. P. 12(b)(6); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1940 (2009). The court must accept all of the plaintiffs' allegations as true. See Twombly, 550 U.S. at 550, 127 S.Ct. at 1962. However, the plaintiffs' pleading must contain more than a "formulaic recitation of the elements of a cause of action." Id. at 555, 127 S.Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S.Ct. at 1950.

**B.    Section 1983 Claims.**

To state a claim under section 1983 against Officer Jordan, the Webbs must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. See Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir.1994). With regard to their section 1983 claim against the City, the Webbs must also allege that an official policy or custom of the City was a cause in fact of the

3

deprivation of the rights inflicted. See id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036 (1978)). Under Monell, a local government entity such as the City cannot be held liable under the theory of respondeat superior. See id; Monell, 436 U.S. at 691, 98 S.Ct. at 2036.

Addressing the Webbs' claims against the City first, their complaint does not allege that an official policy or custom of the City was a cause in fact of the deprivation of Judith's rights as required by Monell, 436 U.S. at 691, 98 S.Ct. at 2036. Instead, they attempt to impose liability on the City solely on the basis of respondeat superior:

> At all times complained about above, Jeremy L. Jordan, was employed by the City of Shreveport, a police officer, and was acting in the capacity of a Shreveport City Police Officer. As a result, the City of Shreveport, is also liable for the actions and misconduct of Jeremy L. Jordan.

See Record Document 1, Ex. 4 at ¶ 9. Because their complaint does not allege a policy or custom and since municipal liability under section 1983 on the basis of respondeat superior was foreclosed in Monell, the Webbs' section 1983 claims against the City are dismissed.

Officer Jordan argues that the Webbs' section 1983 claims against him should be dismissed because he is entitled to the affirmative defense of qualified immunity and the Webbs' complaint does not negate that defense. Qualified immunity shields government officials from liability in their performance of discretionary functions, unless their

4

conduct violated a clearly established constitutional right.  See Ontiveros v. City of

Rosenberg, Tex., 564 F.3d 379, 382 (5th Cir. 2009). The qualified immunity inquiry

consists of two prongs:  "(1) whether the facts alleged or shown by the plaintiff made

out a violation of a constitutional right, and (2) whether that right was 'clearly

established' at the time of the defendant's alleged misconduct." Id.

In support, Officer Jordan cites Wicks v. Mississippi State Employment Services,

41 F.3d 991 (5th Cir. 1995), and Babb v. Dorman, 33 F.3d 472 (5th Cir. 1994), for the

proposition that a section 1983 complaint must allege facts sufficient to defeat a

qualified immunity defense.  That is no longer the rule in this circuit.  See Schultea v.

Wood, 47 F.3d 1427, 1430 (5th Cir. 1995)(en banc)("[W]e will no longer insist that

plaintiff fully anticipate the defense [of qualified immunity] in his complaint at the risk

of dismissal under Rule 12."); Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)

. Regardless, the court finds that the Webbs have pled sufficient facts to overcome the

qualified immunity defense at this stage.  Their complaint alleges that Judith was not

breaking any traffic laws, nor had she been drinking, when she was pulled over and

therefore Officer Jordan had no objective reason to detain her.  Accepting these

allegations as true, Judith has laid out sufficient facts to draw an inference that Officer

Jordan violated her clearly established right to be free from unreasonable seizure under

the Fourth Amendment.  Accordingly, the plaintiffs have sufficiently plead their section

1983 claims against Officer Jordan.[1]

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss (Record Document 4) is **GRANTED in part** and **DENIED in part.**  The motion is granted to the extent that all of the plaintiffs' claims against the City are **DISMISSED WITH PREJUDICE**.  Otherwise, the motion is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the $\underline{5^{th}}$ day of September, 2013.



JUDGE TOM STAGG

---

[1] The defendants also sought dismissal because the plaintiffs alleged that Officer Jordan did not have probable cause to stop her and, since the relevant legal standard for a reasonable traffic stop is reasonable suspicion, the plaintiffs therefore failed to state a claim.  See Record Document 9 at 1.  However, the plaintiffs' complaint also alleged that Officer Jordan did not have reasonable suspicion for the stop and subsequent detention.  Accordingly, the defendants' argument lacks merit.  See Record Document 1, Ex. 4 at ¶¶ 5, 10.